The TOWNS OF NORWOOD ET AL., MASSACHUSETTS, Petitioners,

v.

FEDERAL POWER COMMISSION, Respondent,

Boston Edison Company, Intervenor.

BOSTON EDISON COMPANY, Petitioner,

v.

FEDERAL POWER COMMISSION, Respondent,

Municipal Light Boards of Reading and Wakefield, Massachusetts, and the Towns of Norwood et al., Massachusetts, Intervenors.

The MUNICIPAL LIGHT BOARDS OF READING AND WAKEFIELD, MASSACHUSETTS, Petitioners,

v.

FEDERAL POWER COMMISSION, Respondent,

Boston Edison Company, Intervenor.

Nos. 75–1821, 75–1850, 75–1881.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 19, 1976.

Decided Nov. 24, 1976.

Charles F. Wheatley, Jr., Washington, D. C., with whom Grace Powers Monaco, Washington, D. C., was on the brief for petitioners in No. 75–1821 and intervenors The Towns of Norwood, Concord and Wellesley, Mass., in No. 75–1850. John A. Cameron, Washington, D. C., was also on the brief for intervenors, The Towns of Norwood, Concord and Wellesley, Mass.

Bruder & Gentile, Washington, D. C., with whom Carmen L. Gentile, Washington, D. C., was on the brief for petitioner in No. 75–1850 and intervenor Boston Edison Co. in Nos. 75–1821 and 75–1881.

Robert C. McDiarmid, Washington, D. C., was on the brief for petitioner in No. 75–1881 and intervenors, Municipal Light Boards of Reading and Wakefield, Mass., in No. 75–1850.

Scott M. DuBoff, Atty., Federal Power Commission, Washington, D. C., with whom Drexel D. Journey, Gen. Counsel, Robert W. Perdue, Deputy Gen. Counsel and Allan Abbot Tuttle, Sol., Federal Power Commission, Washington, D. C., were on the brief for respondent.

Before BAZELON, Chief Judge, and TAMM and ROBB, Circuit Judges.

PER CURIAM: ·

These cases are petitions for review of an order of the Federal Power Commission setting Boston Edison's wholesale electrical rate S–1. The petitioners are Boston Edison Company and several towns and municipal light boards which are its customers. We conclude that the Commission's findings are supported by substantial evidence and that there was no error of law.

■ Petitioners challenge a number of factual determinations which the Commission reached after examining voluminous evidence. The Commission compiled a massive 11,000-page record and pondered the case for five years. We have carefully considered this record and hold that the Commission is supported by substantial evidence concerning all the issues raised. Consequently, we must uphold the Commission's factual determinations. 16 U.S.C. § 825*l*(b); *Universal Camera v. N. L. R. B.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

■ Petitioners also challenge several of the Commission's legal conclusions. Boston Edison alleges that the Commission's refusal to make adjustments for post test-year cost increases conflicts with other decisions of the Commission. The only cost increase now claimed which Boston Edison urged unsuccessfully before the Commission was one for increased wages. Yet the cases which Edison cites in support of its contention explicitly declined to make post test-year adjustments in operating expenses and wages. See *Duke Power Co.*, 48 F.P.C. 1384, 1392 (1972); *Union Electric Co.*, 47 F.P.C. ·144, 150 (1972). The Commission's treatment of Edison's arguments is thus consistent with its treatment of similar arguments in the cases cited.

■ Nor did the Commission err in refusing to consider evidence that Edison's net return was lower than expected. Edi-

son first proffered its evidence in a form which commingled monies from both retail and wholesale operations. Consideration of such data in this wholesale rate proceeding would have been irrational. Edison next proffered its evidence in its petition for rehearing, but failed to identify which cost factors were in error. We think that this proffer did not "set forth specifically the ground or grounds upon which such application [for rehearing] is based" as required by the Federal Power Act, 16 U.S.C. § 825*l*(a).

 Edison also attacks the use of the remaining life method of depreciation to correct for excess past depreciation. We do not agree that this method was prohibited in *Board of Public Utility Commissioners v. New York Telephone Co.,* 271 U.S. 23, 46 S.Ct. 363, 70 L.Ed. 808 (1926). In that case the Court struck down a rate structure which admittedly allowed a utility less depreciation expense than the company was entitled to receive, and which admittedly resulted in a confiscatory rate. *Id.* at 30, 46 S.Ct. 363. Neither of these factors is present in this case. In fact the method which Edison proposes would ultimately allow the company to recover depreciation expenses greater than its total investment in the property. This court has explicitly endorsed the use of remaining life depreciation when necessary to prevent an excess depreciation allowance over the life of the property involved. *See Trans-World Airlines, Inc. v. C. A. B.,* 128 U.S.App.D.C. 126, 385 F.2d 648 (1967).

One other issue merits comment: the Commission's treatment of the allegedly anti-competitive effects of rate S–1. The towns and municipal light boards allege that: (a) the Commission refused to exercise jurisdiction over this issue; (b) the Commission utilized a standard of intent rather than anti-competitive impact; and (c) the Commission ignored the findings of Administrative Law Judge Eisenberg. None of these allegations is correct.

 The Commission clearly exercised jurisdiction over the anti-competitive claim by evaluating its merits. (R. 11116–18) In considering the merits, the Commission ex-

plained its reasons for rejecting Judge Eisenberg's approach, albeit without explaining that the rationale being rejected was Judge Eisenberg's. Judge Eisenberg had concluded that S–1 *as designed* by Edison had an anti-competitive effect. (R. 10734) The clear import of the Commission's order is to reject Judge Eisenberg's findings on the ground that rate S–1 *as adjusted* by the Commission was not anti-competitive. (R. 11117–18) The Commission's decision is clearly justified by the record and meets the standards of *Universal Camera v. N. L. R. B., supra.*

Accordingly, we uphold the Commission's conclusions of fact and interpretations of the law.

*So ordered.*